## TOWNSHIP BOARD OF HAMTRAMCK v. JAMES HOLIHAN.

*Removal of school director by township board—Disqualification through personal interest.*

Comp. L. § 3618 in providing that the township school director shall keep the necessary school-house furniture in due order and condition, and that his expenses shall be subsequently audited and paid, does not intend that money must be put into his hands beforehand.

The township board is exclusive judge of the facts on which it is authorized by Comp. L. § 3695 to remove a school director, and its proceedings can only be reviewed by the circuit and Supreme courts on questions of law.

Proceedings to remove a school director for refusing to recognize the validity of a teaching contract were taken by a township board one of the members of which was related to a third person who had a contract subject to the same objections. *Held* that this did not legally disqualify the member from acting on the case actually before the board.

Error to Wayne. Submitted April 15. Decided April 27.

PROCEEDINGS by township board to remove school director. The order of removal was reversed on *certiorari* and the board brings error. Judgment set aside.

*Alexis C. Angell* and *Hawley & Firnane* for plaintiff in error. The Supreme Court cannot inquire into the facts on *certiorari: Cicotte v. Morse* 8 Mich. 424; *Jackson v. People* 9 Mich. 111; *Hyde v. Nelson* 11 Mich. 353; *Linn v. Roberts* 15 Mich. 423; *Brown v. Blanchard* 39 Mich. 790; *Berry*

*v. Lowe* 10 Mich. 9; *Welch v. Bagg* 12 Mich. 41; *McGraw v. Schwab* 23 Mich. 13; *Overpack v. Ruggles* 27 Mich. 65.

*Stewart & Galloway* for defendant in error. A member of a township board cannot take part in proceedings to remove a director if he is interested in the subject: *Stockwell v. White Lake* 22 Mich. 341.

GRAVES, J. The board removed Mr. Holihan from the office of school director and the circuit court on *certiorari* reversed the order of removal. This writ of error was then brought against that judgment.

The authority on which the board acted is expressed in the law concerning primary schools as a power " to remove from office, upon satisfactory proof, after at least five days' notice to the party implicated, any district officer or school inspector who shall have illegally used or disposed of any of the public moneys intrusted to his charge, or who shall persistently, and without sufficient cause, refuse or neglect to discharge any one of the duties of his office." § 136, p. 24, of School Laws; Comp. L. § 3695, as amended.

The power of the board is confined to these causes. There was no finding distinctly within the first branch of the provision and it would require some straining to construe the determination as it appears of record as an adjudication that Mr. Holihan had "illegally used or disposed of any of the public moneys entrusted to his charge." But concerning the second ground the finding was explicit. The board determined that he had persistently neglected, and without sufficient cause, to have the seats of the school-house repaired, and the first question relates to the materiality of this finding. Was it his business to attend to such matters? The statute leaves no doubt. It imposes the duty on the director to provide and keep in due order and condition the necessary school-house furniture, and provides that his expenses shall be subsequently audited and paid. The statute does not intend that the money must be put in his hands as a preliminary to his action. Comp. L. § 3618; School Law § 48.

The board were the exclusive judges of the facts. It was

not within the province of the circuit court and is not within the province of this court to go behind the findings and decide on the weight of evidence or draw inferences of fact. The circuit court was confined to the law of the case and this court can go no further. If there was evidence before the board for consideration either for, or for and against the respective constituents of the charge, the result could not lawfully be disturbed on any assumption or belief that the case was misjudged. And there was such evidence. No doubt it was weak, and were the case an open one on the facts it is not unlikely that we should reach a different conclusion. But this consideration cannot avail.

It seems that Mr. Holihan refused to recognize as valid a contract for teaching which had been made with one Stevenson, and determined not to pay him, and that his refusal to draw his warrant on the assessor to pay Stevenson was made a distinct ground of charge against him. It also appears that one Miss Mahoney was under a contract to teach which was subject to the same objections as were made to the contract with Stevenson, and that Patrick Scullen, one of the members of the township board, was her uncle. It was objected on the part of Mr. Holihan that in consequence of these facts Mr. Scullen was not competent to sit.

There was no legal disqualification. Miss Mahoney was not a party, and the fact that her interests might be consequentially affected by the decision because it might touch upon the validity of a contract of the same nature as one she held, was not sufficient to oust her uncle. The collateral and contingent interest she may have had in the event of the controversy was too remote and uncertain to preclude him from sitting. *The Queen v. Manchester, Sheffield & Lincolnshire Rw. Co.* L. R. 2 Q. B. 336; *Wildes v. Russell* L. R. 1 C. P. 722; *Matter of Dodge and Stevenson Manufacturing Co.* 77 N. Y. 101.

As a consequence of the error in overruling the finding for removal under the second ground the judgment of reversal must be set aside with costs.

The other Justices concurred.