COMMERCIAL STATE BANK OF SHEPHERD *v.* SCHOOL DISTRICT NO. 3 OF COE TOWNSHIP, ISABELLA COUNTY.

1. SCHOOLS AND SCHOOL DISTRICTS—REPAIRING SCHOOL BUILDING —ISSUING BONDS—STATUTES.

   In an action against a school district on a promissory note, defendant's contention that the school board, under the guise of repairing the schoolhouse, practically built a new schoolhouse, *held*, not sustained by the record, and therefore Act No. 43, Pub. Acts 1919, relative to bonding for construction of new schoolhouses, is not applicable,

2. SAME—SCHOOL BOARD AUTHORIZED TO REPAIR SCHOOL BUILDING.
   Under 2 Comp. Laws 1915, § 5676, as amended by Act No.
   315, Pub. Acts 1921, giving to district school boards
   authority to vote such taxes as may be necessary for the
   regular running expenses of schools and in order that
   they may be properly managed and maintained, a board
   has power to vote the tax necessary to repair its school-
   house and to borrow the money in anticipation of the
   collection thereof.

3. MUNICIPAL CORPORATIONS — INTRA VIRES CONTRACTS BINDING
   THOUGH DIRECTORY PROVISIONS DISREGARDED.
   Where the power exists in a municipal corporation to
   bind itself, where the contract is *intra vires*, it will be
   bound even though it may have proceeded irregularly and
   in disregard of directory provisions as to the exercise of
   its power.

4. SCHOOLS AND SCHOOL DISTRICTS—ACTION OF BOARD RATIFIED BY
   DISTRICT.
   Since the school district had the power under 2 Comp.
   Laws 1915, § 5667, subds. 6, 7, to vote the money necessary
   to repair its school building or even to build a new one,
   its action, at the annual meeting, in authorizing the giving
   of new notes to take the place of the one given by the
   board for a loan used in repairing the school building,
   amounted to a ratification of the acts of the board, and
   although the new notes were not given, the original note
   became, by reason of the ratification, a binding obligation
   on the district.

5. SAME—NO CALL OR NOTICE NECESSARY FOR STATUTORY MEETING
   —QUESTIONS TO BE VOTED ON.
   Where an annual school district meeting was held at the
   time fixed therefor by the statute, no call or notice of
   ratification of acts of the school board in repairing the
   schoolhouse and borrowing money therefor was necessary.

Error to Isabella; Hart (Ray), J. Submitted
October 12, 1923. (Docket No. 107.) Decided
December 19, 1923.

Assumpsit by the Commercial State Bank of Shep-
herd against school district No. 3 of Coe township
upon a promissory note. Judgment for defendant
225—Mich.—42.

on a directed verdict.    Plaintiff brings error.    Reversed.

*Virgil W. McClintic, F. H. Dusenbury,* and *Francis J. Shields,* for appellant.

*Dodds & Dodds,* for appellee.

The district board of defendant took the following official action at the dates mentioned:

"Proceedings of District Board.

"Meeting of district board of district No. 3, township of Coe, held on the 15th day of August, 1919.

"At schoolhouse.

"Present: All members of board: Stahlman, Hutchinson and Ardner.   The meeting was for the purpose of deciding what must be done as to repair on schoolhouse this year.   On motion by Hutchinson it was unanimously voted to repair the old schoolhouse if we could get labor.   To fix the roof—floor—plaster the side walls and get a heating plant and sanitary toilets.   As the township clerk does not have to make his report to the supervisor until October 1st, we had an understanding with him as to the amount to be raised for repairs because we could not yet get a very good estimate.   We are to notify him later.

"Adjourned.

"S. C. STAHLMAN, Dir."

"At schoolhouse, 9-18-19.

"Present: All members of board: Stahlman, Hutchinson and Ardner.   Meeting called to decide on amount to be raised in this year tax.   On motion of Stahlman it was unanimously voted to raise $1,000.00 this year to apply as it would for repairs. As the work is not proceeding very fast it is still hard to tell the exact amount of expense.

"Adjourned.

"S. C. STAHLMAN, Dir."

"Ex. A.

"Proceedings of District Board.

"Meeting of District Board of District No. 3, township of Coe, held on the 14th day of November, 1919.

"Present:  All members of board:  Stahlman, Hutchinson and Ardner.  Meeting called to decide on hiring money to pay the bills, due for toilets, lumber, labor and heating plant.  As the repair work is nearly done we estimate that $2,500.00 will pay everything.  As we have but $1,000.00 assessed this year we must vote a tax for next year for $1,500.00

"Resolved, that we hereby vote a tax of $1,500.00 to be spread next year.  Yes—all; No—none.  Voted.

"Resolved, that we hire $1,000.00 until taxes are collected this year, 1919 to 1920, and $1,500.00 until taxes are collected next year, 1920 to 1921.  Yes—all; No—none.  Voted.

"Resolved, that we give to the Commercial State Bank of Shepherd, 1 note for $1,000.00 to be due March 1, 1920, and 1 note for $1,500.00 due March 1, 1921, at 6% interest.  Members of board to sign these notes as school officers.  Unanimously voted to do it, and it was done.

"Adjourned.

"S. C. STAHLMAN, Dir."

The notes were given pursuant to this action and the proceeds turned over to the treasurer of defendant and placed to the credit of the district in plaintiff bank.  As the work progressed the money was checked out to pay for the work and labor of repairing the schoolhouse.  At the next annual meeting the treasurer read his annual report showing the receipt and in detail the expenditure of this money; his report was adopted.  The first note of $1,000 was paid. The schoolhouse was insured for an additional $2,000 and the payment of the premium was reported at an annual meeting and approved.  At an annual meeting of the district $300 additional was raised to complete the repairs.  At the annual meeting held July 11, 1921, the following action was taken:

"Shepherd, Michigan, at annual meeting July 11, 1921.

"At schoolhouse at district No. 3, Coe twp.

"The following resolution was offered by Harry Milliken who moved its adoption:

"Whereas, the Commercial State Bank of Shepherd, Michigan, holds notes executed in behalf of this district in amount of $1,500.00, plus $150.00 interest and there are no funds available to pay the same:

"Be it resolved, that school district No. 3 of Coe township, Isabella county, Michigan, borrow from said Commercial State Bank of Shepherd, the sum of $1,650.00 payable $825.00 and interest, on or before April 1, 1922, and $825.00 and interest April 1, 1923, and that the district board be and are hereby authorized and instructed to execute the obligations of this district for said amount.     And be it further resolved that there be raised the sum of $825.00 by tax this year to pay the first of said notes.

"Supported by C. A. Thomas.

"Yeas  16
"Nays  15
     ——
      31

"S. C. Stahlman     (Director)
                        Sec'y of meeting.

"Moved and supported that the board make a move to finish the schoolhouse before school term starts. Carried.

"Moved and supported that we adjourn.   Carried.
                    "S. C. Stahlman, Director."

The tax contemplated by this resolution was not raised or the new notes executed, and later this suit was brought to recover on the $1,500 note.   The trial judge directed a verdict for defendant and plaintiff sues out this writ of error, urging under several heads plaintiff's right to recover.   But two of plaintiff's contentions need be considered.

Fellows, J. (after stating the facts).   The two contentions of plaintiff's counsel which we shall consider are these:   (1) That the district board was authorized by section 5676, 2 Comp. Laws 1915, then in force to make the repairs on the schoolhouse and to borrow money in anticipation of the tax; and (2) that the district ratified the action of the board.

Defendant's contention is that the board under the guise of repairing the schoolhouse practically built a new schoolhouse and that ratification of the action of the board was not efficient because no notice was given in the notice of the annual meeting that such question would be brought before the meeting.

This record does not sustain the contention of defendant's counsel, evidently accepted by the trial judge, that the work done practically amounted to the erection of a new schoolhouse. It is true that the old schoolhouse was only insured for $1,000 and after the repairs costing $2,500 were made the insurance was increased $2,000, but there was no testimony as to the value of the old building or that the insurance either before or after the repairs approximated its value, nor does an examination of the report of the treasurer showing in detail the purpose for which the money was expended disclose any items paid for which might not be used in the repair of an old building. Not infrequently, as many have learned from experience, the cost of repairing an old building and putting it in shape for use exceeds the value of the old structure. This record does not make a case of the erection of a new schoolhouse, either actually or practically, and the issuance of bonds in payment therefor, and the provisions of Act No. 43, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 5712), are not applicable.

Section 5676, 2 Comp. Laws 1915, since amended by Act No. 315, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 5676), was in force when the proceedings here involved were had. So far as important here it provided:

"The district board shall have authority to vote such taxes as may be necessary for the regular running expenses of the school, which shall include school furnishings, and all appurtenances, the care of school property, teachers' wages, water supply, premium

upon indemnity bond for the treasurer of the district, transportation of the pupils, record books and blanks, and all apparatus and material which may be necessary in order that the schools may be properly managed and maintained, and for the services of district officers.    All such taxes when collected and received shall be accounted for under the title of 'general fund.'    *    *    *    When the taxes herein provided for have been estimated and voted by the district board, they shall be reported for assessment and collection the same as other district taxes.    When any tax has been estimated and voted by the district board or by the district under the provisions of law, and the money is needed before it can be collected, the district board may borrow on the strength of such tax a sum not exceeding the total of such tax."

It was manifestly the intent of the legislature that the district board should see that the school property was maintained in a usable condition and supplied with all the apparatus and material necessary to the proper conduct of the school.    In *Creager* v. *School District,* 62 Mich. 101, where the liability of the district for the erection of a line fence was involved, it was said:

"The word 'appendage,' as used in our school statutes, does not mean simply the school apparatus to be used inside the building; nor do I think it can be limited to such articles as brooms, pails, cups, etc., but must be construed in a broader sense, as it has in other courts, to include fuel, fences, and necessary outhouses."

New seats may be purchased (*McLaren* v. *Town Board of Akron,* 48 Mich. 189) and heating and ventilating systems installed (*Waterman-Waterbury Co.* v. *School District,* 183 Mich. 168, 174), and obviously a considerable discretion must be vested in the district board.    The money need not be in hand before the action is taken (*Hamtramck Township Board* v. *Holihan,* 46 Mich. 127); it may be borrowed in anticipation of the tax (see statute above quoted, *Kelsey* v. *Township of Burns,* 223 Mich. 173).    This court has

held as have other courts that where the power exists in a municipal corporation to bind itself, where the contract is *intra vires,* it will be bound even though it may have proceeded irregularly and in disregard of directory provisions as to the exercise of its power. *Coit* v. *City of Grand Rapids,* 115 Mich 493; *City of Saginaw* v. *Consumers' Power Co.,* 213 Mich. 460, and cases cited at page 480.

But laying aside every other consideration we are persuaded that this record discloses unequivocal ratification of the acts of the district board.    The school district itself might have authorized this expenditure or even voted a tax to pay for an entirely new building.    Section 5667, 2 Comp. Laws 1915, subdivisions 6 and 7.    What the district at its annual meeting could authorize, it could subsequently ratify at an annual meeting.    *Wheat* v. *Van Tine,* 149 Mich. 314; *Crane* v. *School District,* 61 Mich. 299; *Davis* v. *Mayor, etc., of Jackson,* 61 Mich. 530; *Haney School Furniture Co.* v. *School District,* 133 Mich. 241; *Jones* v. *School District,* 110 Mich. 363.    And in *Stockdale* v. *School District,* 47 Mich. 226, this court held that the school district at its annual meeting might authorize payment to a contractor in excess of the contract price for the erection of a schoolhouse where there was a moral obligation and it was equitable so to do.    This case was cited with approval in *Michaels* v. *McRoy,* 158 Mich. 605.    In the instant case the money furnished by plaintiff was devoted to repairing and making usable defendant's schoolhouse.    What each dollar was used for was reported by the treasurer to the annual meeting and approved by it.    At an annual meeting by resolution quoted in the statement of facts the loan procured from plaintiff by the board was expressly ratified.    But it is insisted that in the notice of the annual meeting nothing was said about voting on the question of ratification and therefore such action could not be taken.    But the meeting was

the annual meeting held at the time fixed by statute, and no call or notice was necessary. *Auditor General* v. *Sparrow,* 116 Mich. 574, 596. Upon this record the trial judge should have directed a verdict for plaintiff.

The judgment will be reversed and a new trial granted. Plaintiff will recover costs of this court.

WIEST, C. J., and McDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.