CARDINAL MOONEY HIGH SCHOOL v MICHIGAN HIGH
SCHOOL ATHLETIC ASSOCIATION

Docket No. 108149. Submitted April 13, 1989, at Detroit. Decided
August 8, 1989. Leave to appeal applied for.

Cardinal Mooney High School, Patrick McClellan, Sandra McClellan and John McClellan brought an action in the Macomb Circuit Court against the Michigan High School Athletic Association seeking relief from defendant's age rule which prevented John McClellan from participating in high school sports. The court, John B. Bruff, J., entered a temporary restraining order and John participated in high school sports while the order was in effect. The court eventually entered a judgment of no cause of action and barred defendant from imposing any penalty on plaintiffs for John's participation while the temporary restraining order was in effect, although defendant's regulations permitted the imposition of a penalty under those circumstances. Defendant appealed.

The Court of Appeals *held:*

1. The Michigan High School Athletic Association regulation which permits the association to sanction a student or school for participation in an inter-school competition where the student is ineligible under MHSAA rules but participates in accordance with a restraining order or injunction and the injunction is subsequently vacated, stayed, reversed or found to be unjustified is arbitrary, unreasonable and unlawful.

2. The appeal was vexatious and damages were assessed against defendant and its attorney.

Affirmed.

1. SCHOOLS — MICHIGAN HIGH SCHOOL ATHLETIC ASSOCIATION —
    SANCTIONS — COURT ORDERS.

The Michigan High School Athletic Association regulation which permits the association to sanction a student or school for participation in an inter-school competition where the student is ineligible under MHSAA rules but participates in accordance

REFERENCES
Am Jur 2d, Damages § 616; Schools § 244.
See the Index to Annotations under Malicious Prosecution; Sports.

with a restraining order or injunction and the injunction is subsequently vacated, stayed, reversed or found to be unjustified is arbitrary, unreasonable and unlawful (MHSAA Regulation V, § 3[D]).

2. APPEAL — VEXATIOUS APPEALS — SANCTIONS — COURT RULES.
The Court of Appeals may assess damages against a party or attorney for vexatious proceedings (MCR 7.216[C]).

*Bellamy & Gilchrist, P.C.* (by *Frederick B. Bellamy* and *Michael S. Cafferty*), for plaintiffs.

*Muraski & Sikorski* (by *Edmund J. Sikorski, Jr.*), for defendant.

Before: GRIBBS, P.J., and MURPHY and NEFF, JJ.

GRIBBS, P.J. Defendant Michigan High School Athletic Association appeals as of right from a Macomb Circuit Court judgment of no cause of action in favor of defendant. Defendant objects to language in the circuit court order prohibiting defendant from penalizing plaintiff John McClellan and Cardinal Mooney High School for acting in accordance with a court order. We affirm.

Defendant MHSAA is an athletic association as described in MCL 380.1289(2); MSA 15.41289(2):

An association established for the purpose of organizing and conducting athletic events, contests, or tournaments among schools shall be the official association of the state. The association shall be responsible for the adoption and enforcement of regulations relative to eligibility of pupils in schools for participation in interscholastic athletic events, contests, or tournaments.

Individual school boards join the MHSAA by adopting the rules and regulations of the MHSAA, as authorized in MCL 380.1521; MSA 15.41521:

A board may join an organization created pursu-

ant to section 1289 which has as its object the promotion of sport and the adoption of rules for the conduct of athletic contests between students. The association is the official association of the state for the purpose of organizing and conducting athletic events, contests, and tournaments among schools. The association shall be responsible for the adoption and enforcement of regulations relative to eligibility of athletes in schools for participation in interscholastic athletic events, contests, and tournaments.

Virtually every public and private secondary school in Michigan is a member of the MHSAA. *Berschback v Grosse Pointe Public School Dist,* 154 Mich App 102, 109-110; 397 NW2d 234 (1986), remanded to clarify effect 427 Mich 851 (1986), lv den 429 Mich 872 (1987).

In this case, plaintiff John McClellan transferred from a specialized institution for students with emotional and learning disabilities to Cardinal Mooney High School at the beginning of the 1985-86 school year. Since John was a recent transfer student, MHSAA regulations prevented John's participation in interscholastic competition, but he tried out for the basketball team and attended practice nonetheless.

John was eligible under MHSAA regulations during the 1986-87 school year. He tried out and made the basketball team as a "nonstarter," whose playing time was limited to the final few minutes of the games.

Prior to the 1987-88 school year, John was informed that MHSAA regulations prevented his continued participation on the basketball team because he would reach his nineteenth birthday before September 1. On June 11, 1987, John's parents petitioned the MHSAA for a waiver of the age restriction. The MHSAA denied the petition on

June 12, 1987, and declared John ineligible for interscholastic athletics.

Early in the 1987-88 school year, John was evaluated by the L'Anse Creuse Special Education Services Department and found to be eligible for special education services. An individualized education plan was prepared for John, which recommended that John participate in athletics because it might "help improve his self esteem and decrease the likelihood of the need for a more restrictive program."

Plaintiffs filed a verified complaint for injunctive relief in Macomb Circuit Court and, on November 18, 1987, the court issued an ex parte temporary restraining order and order to show cause. Under the terms of the order, which was extended to December 7, 1987, defendant was enjoined from

> doing or taking, or causing to be done or taken, any action to enforce the Michigan High School Athletic Association Regulation I, Section 2 (Age) as applied to Plaintiff, John McClellan, including, but not limited to, preventing Defendant, Michigan High School Athletic Association, from penalizing plaintiffs, John McClellan and Cardinal Mooney High School, its coaching staff or athletic team members, by reason of John McClellan's participation in interscholastic athletics, until further Order of this Court.

During the time the temporary order was in effect, John participated in several basketball games.

On December 14, 1987, the circuit court concluded that the MHSAA's rules were not arbitrary and denied plaintiffs' petition for injunctive relief.

Defendant submitted a proposed judgment for the court's approval. Plaintiffs objected to terms of the order vacating the temporary restraining or-

der. At a February 1, 1988, hearing on entry of defendant's proposed order, plaintiffs' counsel informed the circuit court that defendant intended to sanction the school and John McClellan for John's participation in interscholastic athletics while the temporary restraining order was in effect, pursuant to MHSAA Regulation V, Section 3(D):

> If a student is ineligible according to MHSAA rules but is permitted to participate in inter-school competition contrary to such MHSAA rules but in accordance with the terms of a court restraining order or injunction against his/her school and/or the MHSAA and said injunction is subsequently vacated, stayed, reversed, or finally determined by the courts that injunctive relief is not or was not justified in [sic] any one or more of the following actions *shall* be taken against such school in the interest of restitution and fairness to the competing schools:
>
> (1)—Require that individual or team records and performances achieved during participation by such ineligible student shall be vacated or stricken.
>
> (2)—Require that team victories shall be forfeited to opponent.
>
> (3)—Require that team or individual awards earned by such ineligible student be returned to the association.

On April 7, 1988, the circuit court rejected defendant's proposed order. In a written opinion, the circuit court observed that "the only logical interpretation of this Temporary Restraining Order' is John McClellan was to be allowed to play in athletic contests while the Order was in effect without penalty against either John McClellan or Cardinal Mooney High School by defendant." The circuit court entered a final judgment of no cause

of action, barring defendant from imposing any penalty on plaintiffs for activities conducted while the temporary restraining order was in effect. Defendant appeals from this order.

This issue has been before this Court on several occasions. We have ruled repeatedly that defendant is precluded from issuing sanctions against students or schools for their permissive participation in athletic events pursuant to a court order. See *O'Rourke v Meloy,* unpublished order of the Court of Appeals, decided November 7, 1986 (Docket No. 96255), lv den 428 Mich 854 (1987); *Lash v Michigan High School Athletic Ass'n, Inc,* unpublished order of the Court of Appeals, decided December 28, 1987 (Docket No. 104755), ("no sanctions or other punitive action shall be taken by defendant MHSAA against either Scott Lash or Forest Hills Public Schools for activity expressly within the permissive scope of this Court's prior order herein. *Crandall v North Dakota High School Activities Ass'n,* 261 NW2d 921 [ND, 1978]").

In our order on remand to clarify the effect of *Berschback v Grosse Pointe Public School Dist,* 154 Mich App 102; 397 NW2d 234 (1986), we thought we had resolved the issue:

Had this Court been aware of the Association's intended action at the time the opinion was issued, the opinion would have precluded the imposition of penalties. Fundamental fairness dictates that the school district should not incur any penalty or sanction by virtue of the fact that plaintiff Donald F. Berschback participated in interscholastic sports as permitted by the October 3, 1985 restraining order. See e.g. *Crandall v North Dakota High School Activities Ass'n,* 261 NW2d 921 (ND, 1978). Therefore, by affirming the trial court via the August 18, 1986 opinion, it was not the intent

of this Court that the Association was thereafter free to impose penalties and sanctions on the School District by reason of the plaintiff student's participation in interscholastic sports as allowed under the restraining order. Accordingly, any penalties which may have been imposed against the School District by the Association as a result of the student participating in interscholastic sports as permitted by the October, 1985 restraining order, including forfeiture of team victories to opponents, are SET ASIDE and are of no force and effect. [*Berschback v Grosse Pointe Public School Dist,* unpublished order of the Court of Appeals, decided June 7, 1987 (Docket No. 97524), lv den 429 Mich 872 (1987).]

Most recently, in *Kennedy v Meloy,* unpublished opinion per curiam of the Court of Appeals, decided December 22, 1988 (Docket No. 100015), lv applied for,[1] a panel of this Court stated:

This does not mean, however, that the MHSAA should be able to impose sanctions against the school district for allowing the plaintiff student to participate in athletics pursuant to a valid court order. In this regard we note that in *Berschback v Grosse Pointe Public School Dist,* Court of Appeals No. 97524, rel'd June 19, 1987, lv den 429 Mich 872 (1987), this Court precluded the MHSAA from imposing any penalty or sanction against a public school district for complying with a court restraining order which had allowed the plaintiff to participate in interscholastic sports.

We therefore hold as a matter of law, pursuant to our authority under MCR 7.216(A)(7), that the MHSAA may not impose sanctions against a school district which has allowed a student to participate

[1] Unpublished opinions of the Court of Appeals have no precedential effect. MCR 7.215(C)(1). They are binding, however, on the parties involved. We make reference to *Kennedy, O'Rourke* and *Lash* to emphasize the clarity of our prior rulings that defendant may not enforce the rule at issue here and to show defendant's continued disregard for those rulings.

in athletics pursuant to a court order. To hold otherwise would result in a purposeless round of wasteful litigation, wherein the school district would be required to vindicate itself in the courtroom on the basis that compliance with the court's order should shield it from penalty.

Nevertheless, on this appeal, defendant contends that we have not yet resolved the question. Defense counsel now asks by what legal authority this Court has repeatedly held that defendant may not enforce its sanction rule against students and schools who were permitted, by court order, to participate in inter-school athletic competition.

Defendant MHSAA is statutorily characterized as the "official association of the state." MCL 380.1521; MSA 15.41521. As a unit created by statute and composed largely of public school members, the adoption and application of MHSAA rules has been held to constitute state action. *Berschback,* 154 Mich App 111.

As defendant suggests, our review of MHSAA rules is limited "to whether they are reasonable and does not extend to a determination of their wisdom." *LaPorte v Escanaba Area Public Schools,* 51 Mich App 305, 308; 214 NW2d 840 (1974). Defendant asserts in its brief that we may not interfere with an MHSAA rule unless the rule is "legally arbitrary, capricious, unreasonable or unconstitutional," or unless "there has been a manifest abuse of discretion or where the school officials' action has been arbitrary or unlawful."

In this case, defendant again seeks to use its sanction rule to circumvent a valid court order. Such an application would, in effect, punish the student and the school for exercising their right of access to the judicial system and would render meaningless the circuit court's temporary restraining order.

This is not, as defendant implies, merely a question of whether the MHSAA sanction rule is "fair." Rather, the issue here is whether the courts or the MHSAA represent the higher authority when application of an MHSAA rule is contested. Indeed, as defense counsel informed us at oral arguments, many schools are now unwilling to depend upon court orders such as we have here because the schools fear MHSAA penalties once the order is lifted. We find no authority, and defendant cites none, authorizing the MHSAA to review and overrule the decisions and orders of our courts.

Accordingly, we hold that MHSAA Regulation V, § 3(D), is arbitrary, unreasonable and unlawful. The punitive rule evidences a manifest abuse of discretion, as its obvious intent is to chill any challenges to the MHSAA regulations.

In addition, we assess $1,500 damages jointly against defendant and defendant's counsel for vexatious proceedings, payable to plaintiffs within thirty days after release of this opinion. MCR 7.216(C).

Affirmed.