CARDINAL MOONEY HIGH SCHOOL v MICHIGAN
HIGH SCHOOL ATHLETIC ASSOCIATION

Docket No. 87010. Argued December 5, 1990 (Calendar No. 6). De-
cided March 18, 1991.

Cardinal Mooney High School, Patrick McClellan, Sandra Mc-
Clellan, and John McClellan, brought an action in the Macomb
Circuit Court against the Michigan High School Athletic Asso-
ciation, challenging application of its age-eligibility rule to
John. The court, John B. Bruff, J., issued an ex parte tempo-
rary restraining order, extended by a second temporary re-
straining order, enjoining the MHSAA from enforcing the age-
eligibility rule to preclude John from playing on the school's
basketball team, and from penalizing him or the school for
John's participation. Thereafter, the court ruled in favor of the
MHSAA on the merits and provided that the MHSAA could not
retrospectively penalize John or the school under Regulation V,
§ 3(D) during the time the temporary restraining order was in
effect. The Court of Appeals, GRIBBS, P.J., and MURPHY and
NEFF, JJ., affirmed, holding that rule 3(D) is arbitrary, unrea-
sonable, and unlawful and that its enforcement would circum-
vent a valid court order, punish the student and the school for
exercising their right of access to the judicial system, and
render meaningless the temporary restraining order. Further,
the Court assessed damages against the MHSAA and its legal
counsel under MCR 7.216(C)(1)(a) for bringing a vexatious
appeal (Docket No. 108149). The defendant appeals.

In an opinion by Chief Justice CAVANAGH, joined by Justices
LEVIN, BRICKLEY, BOYLE, RILEY, and GRIFFIN, the Supreme
Court *held:*

The Michigan High School Athletic Association regulation,
which permits certain sanctions against schools and athletes
for participating in interscholastic competition where the stu-
dent is ineligible to participate under its rules but participates
in accordance with a temporary restraining order, is a valid
regulation which neither infringes the authority of the courts
nor improperly restricts access to the judicial system. The
MHSAA had a reasonable basis for the belief that there was a
meritorious issue to be determined on appeal, requiring rever-
sal of the assessment of damages.

1. Regulation V, § 3(D) of the MHSAA is a valid restitutive

provision, reasonably designed to rectify the competitive inequities that inevitably would occur if schools were permitted without penalty to field ineligible athletes under the protection of a temporary restraining order, pending the outcome of an ultimately unsuccessful legal challenge to one or more eligibility rules. Rule 3(D) does not purport to authorize interference with any court order during the time it remains in effect, but only authorizes restitutive penalties when a temporary restraining order is ultimately dissolved and the challenged eligibility rule remains in force. Further, member schools of the MHSAA have voluntarily agreed to submit to the regulations, including rule 3(D), as a condition of membership, making compliance on the part of student athletes an appropriate and justifiable condition of the privilege of participating in interscholastic athletics.

2. In this case, even recognizing the good faith and sincerity of the plaintiffs, the interests of uniformity and predictability justify an evenhanded application of rule 3(D).

Reversed and vacated.

Justice MALLETT took no part in the decision of this case.

179 Mich App 267; 445 NW2d 483 (1989) reversed.

*Bellamy & Gilchrist, P.C.* (by *Frederick B. Bellamy* and *Michael S. Cafferty*), for the plaintiffs.

*Edmund J. Sikorski, Jr.,* for the defendant.

Amici Curiae:

*Muraski & Sikorski* (by *Anthony A. Muraski*) and *Swanson, Midgley, Gangwere, Clarke & Kitchin* (by *George H. Gangwere* and *Susan C. Langston*) for the National Collegiate Athletic Association and National Federation of State High School Associations.

CAVANAGH, C.J.

### I. FACTS AND PROCEDURAL HISTORY

We address in this case the validity of Regulation V, § 3(D) (rule 3[D]), of the Michigan High

School Athletic Association (MHSAA), which provides as follows:

> If a student is ineligible according to MHSAA rules but is permitted to participate in interscholastic competition contrary to such MHSAA rules but in accordance with the terms of a court restraining order or injunction against his/her school and/or the MHSAA and said injunction is subsequently voluntarily vacated, stayed, reversed or [it is] finally determined by the courts that injunctive relief is not or was not justified, any one or more of the following actions shall be taken against such school in the interest of restitution and fairness to competing schools:
>
> (1)—Require that individual or team records and performances achieved during participation by such ineligible student shall be vacated or stricken.
>
> (2)—Require that team victories shall be forfeited to opponent.
>
> (3)—Require that team or individual awards earned by such ineligible student be returned to the association.

This case arose when the MHSAA declared John McClellan, a senior at Cardinal Mooney High School during the 1987-88 school year, ineligible to participate in interscholastic athletics because he turned nineteen prior to September 1, 1987. McClellan had played interscholastic basketball as a nonstarter during the 1986-87 school year, and he desired to be on the team during 1987-88. In the fall of 1987, McClellan, who had previously been enrolled in a school for emotionally handicapped students, was evaluated by special education counselors, who determined that he would benefit from playing on the basketball team. McClellan, his parents, and Cardinal Mooney thereafter went to court to challenge the MHSAA's application of the age-eligibility rule to McClellan.

On November 18, 1987, the circuit court issued an ex parte temporary restraining order, extended by a second temporary restraining order entered on November 30, 1987, enjoining the MHSAA from enforcing the age-eligibility rule against McClellan and from penalizing McClellan or Cardinal Mooney for McClellan's participation. During the time the order was in effect, McClellan played in a number of basketball games, again as a nonstarter. It is undisputed that he did not contribute materially to any team victories. The circuit court ultimately ruled in favor of the MHSAA on the merits, finding that the age-eligibility rule was validly applied to McClellan. That ruling was not appealed and is no longer at issue in this case.

The circuit court provided in its final order that the MHSAA could not retrospectively penalize McClellan or Cardinal Mooney under rule 3(D) for McClellan's participation on the basketball team during the time the temporary restraining order was in effect. The Court of Appeals affirmed, holding that rule 3(D) is "arbitrary, unreasonable and unlawful," and that to enforce it against McClellan or Cardinal Mooney would "circumvent a valid court order," "punish the student and the school for exercising their right of access to the judicial system," and "render meaningless the circuit court's temporary restraining order." 179 Mich App 267, 274, 275; 445 NW2d 483 (1989). The Court of Appeals also assessed $1,500 in damages under MCR 7.216(C), jointly against the MHSAA and its legal counsel for bringing a vexatious appeal. See 179 Mich App 275. We granted leave to appeal. 435 Mich 863 (1990).

## II. DISCUSSION

At the outset, we reverse the assessment of

damages by the Court of Appeals. The Court of Appeals evidently relied upon MCR 7.216(C)(1)(a), which refers to appeals taken "without any reasonable basis for belief that there was a meritorious issue to be determined on appeal . . . ." We find, however, that the MHSAA had a "reasonable basis for belief that there was a meritorious issue to be determined on appeal." This Court has never ruled on the issue, and, indeed, remarkably little relevant case law from any jurisdiction appears to exist. The National Collegiate Athletic Association has a "restitution" bylaw essentially analogous to rule 3(D) which has never, to our knowledge, been successfully challenged in court.[1] While there is one North Dakota case which might be read to support the Court of Appeals position,[2] the closest federal case on point appears to assume the validity of the NCAA bylaw.[3] This is not, by any stretch of the imagination, an issue so one-sided that no reasonable lawyer could contest it in good faith. The MHSAA, despite its reverses in the Court of Appeals, was entitled to continue raising the issue in the hope that this Court would eventually grant leave to appeal, as we have now done.

We also reverse the judgment of the Court of Appeals on the merits. We note first that the

[1] The NCAA has filed a copy of this bylaw with this Court as an appendix to its brief as amicus curiae on the side of the MHSAA.

[2] *Crandall v North Dakota High School Activities Ass'n,* 261 NW2d 921, 927 (ND, 1978). The North Dakota Supreme Court held simply that enforcement of the NDHSAA's analogue to rule 3(D) would have been "unjust" under the circumstances of that case, placing special reliance on the fact that there (unlike in this case) the high school "was not a party to the proceedings and was not in a position to take appropriate action to either modify or set aside any judicial order." *Id.*

[3] See *Wiley v NCAA,* 612 F2d 473, 475-476 (CA 10, 1979) (en banc). The validity of the NCAA restitution bylaw was not directly at issue in *Wiley;* the court merely held that the pendency of possible sanctions pursuant to that bylaw precluded a finding that the underlying dispute was moot. See n 4.

Court of Appeals held that its review of rule 3(D) was "limited 'to whether [it was] reasonable and does not extend to a determination of [its] wisdom.'" 179 Mich App 274 (quoting *LaPorte v Escanaba Area Public Schools,* 51 Mich App 305, 308; 214 NW2d 840 [1974]). This is the standard appropriately applied to the MHSAA's rules as they relate to its own internal governance and to its authority to govern interscholastic athletics conducted under its auspices. We understand the challenge to rule 3(D), however, to be based on the argument that the rule conflicts with the authority of the courts to issue effective temporary restraining orders under MCR 3.310(B) and, more generally, with the right of access to the judicial system. Whether rule 3(D) is invalid on these grounds is purely a question of law subject to de novo review.

We answer the question in the negative because we find rule 3(D) to be a valid restitutive provision. It is reasonably designed to rectify the competitive inequities that would inevitably occur if schools were permitted without penalty to field ineligible athletes under the protection of a temporary restraining order, pending the outcome of an ultimately unsuccessful legal challenge to one or more eligibility rules. We find relevant to our decision the fact that rule 3(D) does not purport to authorize interference with any court order during the time it remains in effect, but only authorizes restitutive penalties when a temporary restraining order is ultimately dissolved and the challenged eligibility rule remains undisturbed in force.[4] We

---

[4] We recognize that in some cases, parties challenging the MHSAA's eligibility rules may abandon their lawsuits as moot when the student involved completes the athletic season or graduates. Rule 3(D) would appear to apply to such dispositions, as well as to settlements leaving the challenged eligibility rule undisturbed in force, even though no judgment on the merits would be entered upholding the validity of the challenged rule. We note, however, that whenever potential

also find relevant the fact that the member schools of the MHSAA have voluntarily agreed to submit to the MHSAA's regulations, including rule 3(D), as a condition of their membership. Furthermore, compliance with MHSAA rules on the part of student athletes is an appropriate and justifiable condition of the privilege of participating in interscholastic athletics under the auspices of the MHSAA.[5]

We recognize that the facts of this particular case are highly sympathetic to McClellan and Cardinal Mooney. This is not the case of a school seeking to field an ineligible "star" athlete under cover of a temporary restraining order obtained pursuant to a bad-faith tactical lawsuit. There is no dispute regarding the good faith and sincerity of McClellan, his parents, his counselors, and the school. The young man's desire to participate in interscholastic athletics is both understandable and commendable, and we do not necessarily approve of the MHSAA's refusal to grant a waiver in this case. We also recognize, however, that rules of this sort must be drafted and designed to apply to a broad range of cases. Just as the MHSAA may have valid reasons for declining to permit case-by-case exceptions to its uniform age-eligibility rule,[6]

sanctions under rule 3(D) remain pending, the very pendency of such sanctions would maintain the existence of the controversy regarding the underlying validity of the eligibility rule, should any party desire a determination of the validity on the merits. Cf. *Wiley v NCAA*, n 3 *supra*, 612 F2d 475-476.

[5] We note that the MHSAA does not single out for sanctions only those violations of MHSAA rules that occur incidental to a court order. Rule 3(D) is merely one feature of a broader framework imposing sanctions for any "[a]ccidental, intentional, or other use of ineligible players . . . ." MHSAA Regulation V, § 3(A); see also §§ 4(A) and 4(B). Thus, rule 3(D) sanctions are, in actuality, triggered simply by violations of the MHSAA's eligibility rules, and do not, properly understood, penalize resort to the courts as such. Rule 3(D) simply provides that resort to the courts may not, depending on the outcome, permanently immunize violations of the eligibility rules.

[6] We emphasize again that the reasonableness of this rule or of MHSAA's refusal to waive it are not at issue in this case.

we find that the interests of uniformity and pre-dictability justify evenhanded application of rule 3(D) in this case. In light of the unique issues of competitive equity in the area of eligibility rules for athletic contests, we find rule 3(D) to be a valid regulation which neither infringes the authority of the courts nor improperly restricts access to the judicial system.

### III. CONCLUSION

For the foregoing reasons, we reverse the judg-ment of the Court of Appeals and vacate the circuit court's injunction against enforcement of rule 3(D).

LEVIN, BRICKLEY, BOYLE, RILEY, and GRIFFIN, JJ., concurred with CAVANAGH, C.J.

MALLETT, J., took no part in the decision of this case.