HAMMEL v SPEAKER OF THE HOUSE OF REPRESENTATIVES

Docket No. 309484. Submitted August 8, 2012, at Lansing. Decided
August 16, 2012, at 9:05 a.m. Leave to appeal denied, 493 Mich
973.

State Representatives Richard Hammel, Kate Segal, Mark Meadows,
Woodrow Stanley, Steven Lindberg, and Jeff Irwin filed an action
against the Speaker of the House of Representatives, Speaker of
the House Pro Tem, the House Majority Floor Leader and the
House of Representatives in the Ingham Circuit Court, seeking a
preliminary injunction and a writ of mandamus to enjoin the
immediate effect of House Bill 4246 (HB 4246) and House Bill
4929 (HB 4929). Both house bills addressed legislation that would
affect the collective bargaining rights of public employees. HB
4246 was passed by the House on February 23, 2011. A motion for
immediate effect prevailed on a voice vote with two-thirds of the
House members voting in support. After being modified and
approved by the Senate, the House passed the amended version of
HB 4246, which was given immediate effect, signed by the Gover-
nor, and filed with the Secretary of State on March 13, 2012. HB
4929 was passed by the House on September 15, 2011. A motion
for immediate effect prevailed on a voice vote by House members.
The House passed the Senate-approved-and-modified version of
HB 4929 and it was given immediate effect, signed by the Gover-
nor, and filed with the Secretary of State on March 16, 2012.
Plaintiffs argued that defendants had violated the Constitution by
giving immediate effect to both house bills without first perform-
ing a roll call vote. The court, Clinton Canady, III, J., granted
plaintiffs' preliminary injunction motion and enjoined the imme-
diate effect of the bills, finding that the lack of a roll call vote
violated Const 1963, art 4, §§ 18 and 27. Defendants appealed by
leave granted.

The Court of Appeals *held*:

1. The purpose of a preliminary injunction is to preserve the
status quo pending a final hearing regarding the parties' rights. To
obtain a preliminary injunction the moving party must prove (1)
the likelihood that the party will prevail on the merits, (2) the
danger that the moving party will suffer an irreparable harm if the
injunction is not issued, (3) the risk that the moving party would

be harmed more by the absence of an injunction than the opposing party would be by granting the relief, and (4) the harm to the public interest if the injunction is issued. The court erred by granting plaintiffs' motion for a preliminary injunction because plaintiffs failed to demonstrate that they were likely to prevail on the merits of the claim and failed to establish that an irreparable harm would occur if injunctive relief was not granted.

2. Article 4, § 27 of the Michigan Constitution states that no act shall take effect until the expiration of 90 days from the end of the session at which it was passed, but the Legislature may give immediate effect to acts by a ⅔ vote of the members elected to and serving in each house. Under Const 1963, art 4, § 18 each house of the Legislature is required to keep a journal of its proceedings, including the record of the vote and the name of the members of either house voting on any question shall be entered in the journal at the request of ⅕ of the members present. It is within the House's discretion to formulate its own rules regarding the method for obtaining a ⅕ vote for a roll call vote. The official House and Senate Journals are conclusive evidence of those bodies' proceedings and when no evidence to the contrary appears in the journal the propriety of the proceedings is presumed. Parol evidence may not be used to contradict the journals and to show that the Legislature violated the Constitution when enacting a statute. The trial court erred by concluding that the Constitution requires that the Legislature conduct a roll call vote to give immediate effect to an act. The plain language of Const 1963, art 4, § 27 does not specify that a roll call vote is required before giving an act immediate effect. In addition, because other sections of the Constitution do require a roll call vote, the absence of such language in article 4, § 27 indicates that the omission was intentional. Moreover, the House Journal contains no evidence that a ⅕ vote requesting a roll call vote was obtained for either house bill and plaintiffs' affidavits contradicting the journal were inadmissible parol evidence. Accordingly, when reviewing the motion for preliminary injunction, the trial court erred by concluding that plaintiffs would succeed on the merits of their claim.

3. To meet the burden of establishing the existence of an irreparable harm when seeking a preliminary injunction, the moving party must demonstrate a particularized showing of irreparable harm with the injury being evaluated in light of the totality of the circumstances affecting, and the alternatives available to, the moving party. Plaintiffs failed to demonstrate that the failure to take a roll call vote on the decision to give immediate effect to the house bills resulted in irreparable harm to their constituents. The lack of a roll call vote did not affect the peoples'

right to referendum under Const 1963, art 2, § 9 or art 4, § 27, because the power of referendum may be invoked within 90 days of the final adjournment of the legislative session and nothing implies that the immediate effect of the law infringes upon the right to the referendum.

Trial court order reversed, preliminary injunction vacated, and case remanded for an order of dismissal.

1. INJUNCTIONS — PRELIMINARY INJUNCTIONS — STANDARDS OF REVIEW — IRREPA-
   RABLE HARM.

The purpose of a preliminary injunction is to preserve the status quo pending a final hearing regarding the parties' rights and the moving party must prove (1) the likelihood that the party will prevail on the merits, (2) the danger that the moving party will suffer an irreparable harm if the injunction is not issued, (3) the risk that the moving party would be harmed more by the absence of an injunction than the opposing party would be by granting the relief, and (4) the harm to the public interest if the injunction is issued; to meet the burden of establishing the existence of an irreparable harm when seeking a preliminary injunction, the moving party must demonstrate a particularized showing of ir-reparable harm with the injury being evaluated in light of the totality of the circumstances affecting, and the alternatives avail-able to, the moving party.

2. STATUTES — IMMEDIATE EFFECT — LEGISLATIVE JOURNALS — ROLL CALL VOTES.

Article 4, § 27 of the Michigan Constitution provides that the Legislature may give immediate effect to acts by a $^2/_3$ vote of the members elected to and serving in each house but the Constitution does not require a roll call vote before giving an act immediate effect; under Const 1963, art 4, § 18 each house of the Legislature is required to keep a journal of its proceedings, including the record of the vote and the name of the members of either house voting on any question shall be entered in the journal at the request of $^1/_5$ of the members present; the House has discretion to formulate its own rules regarding the method for obtaining a $^1/_5$ vote for a roll call vote; the official House and Senate Journals are conclusive evidence of those bodies' proceedings and when no evidence to the contrary appears in the journal the propriety of the proceedings is presumed; parol evidence may not be used to contradict the journals and to show that the Legislature violated the Constitution when enacting a statute; the plain language of Const 1963, art 4, § 27 does not specify that a roll call vote is required before giving an act immediate effect.

*Miller, Canfield, Paddock and Stone, PLC* (by *Michael J. Hodge* and *Scott R. Eldridge*), for Richard Hammel, Kate Segal, Mark Meadows, Woodrow Stanley, Steven Lindberg, and Jeff Irwin.

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Richard A. Bandstra*, Chief Legal Counsel, and *Heather S. Meingast* and *Daniel E. Sonneveldt*, Assistant Attorneys General, for the Speaker of the House of Representatives, the Speaker Pro Tem of the House of Representatives, the House of Representatives Majority Floor Leader, and the House of Representatives.

Amicus Curiae:

*Fink + Associates Law* (by *David H. Fink* and *David Bressack*), for the University of Michigan.

Before: TALBOT, P.J., and WILDER and RIORDAN, JJ.

RIORDAN, J. Defendants appeal by leave granted a preliminary injunction enjoining the immediate effect of House Bill 4246 (HB 4246) and House Bill 4929 (HB 4929). We granted appellants' application for leave to appeal and motion for immediate consideration. We stayed the trial court's order and further proceedings pending the resolution of this appeal. Because plaintiffs fail to demonstrate a likelihood of success on the merits or an irreparable harm, we reverse the trial court's order, vacate the preliminary injunction, and remand for an order of dismissal.

### I. FACTUAL BACKGROUND

HB 4246 was introduced in the House of Representatives to amend the public employment relations act

(PERA), MCL 423.201 *et seq.*, and addressed legislation relating to the rights of public employees in collective-bargaining situations. The House passed HB 4246 on February 23, 2011, with a 62 to 47 vote. A motion for immediate effect prevailed on a voice vote with two-thirds of the House members voting in support. After being modified and approved by the Senate, the House passed the amended version of HB 4246 with a 63 to 47 vote. HB 4246 was given immediate effect, signed by the Governor, and filed with the Secretary of State on March 13, 2012.

HB 4929 also involved a proposed amendment to the PERA that affected the collective bargaining rights of public employees. The House passed HB 4929 on September 15, 2011, with a narrower voting margin of 55 to 53. A motion for immediate effect prevailed on a voice vote with two-thirds of the House members voting in support. After being modified and approved by the Senate, the House passed the amended version of HB 4929 with a 56-54 vote. HB 4929 was given immediate effect, signed by the Governor, and filed with the Secretary of State on March 16, 2012.

On March 27, 2012, plaintiffs moved for a preliminary injunction and sought mandamus relief to enjoin the immediate effect of HB 4246 and HB 4929. Plaintiffs alleged that the bills had been given immediate effect in violation of the constitution because a roll call vote was not performed. The trial court found that defendants had violated article 4, § 18 and § 27 of the Michigan Constitution. The trial court stated:

> We hear a lot today about transparency. And I think in this particular case the reason that the Constitution probably requires there to be a roll call vote, so that there can be transparency. That works for [sic] both ways so that the public, I do believe, have [sic] a right upon the request of the requisite number of members to know how their

representative votes, whether they voted for immediate effect or against immediate effect.

After again mentioning that "the [c]ourt is concerned about that transparency," the trial court entered an order for a preliminary injunction, enjoining the immediate effect of the bills. Defendants now appeal.

## II. PLAINTIFFS' ALLEGATIONS

The Michigan Constitution provides that "[e]ach house, except as otherwise provided in this constitution, shall choose its own officers and determine the rules of its proceedings," and that "[n]o person exercising powers of one branch shall exercise powers properly belonging to another branch except as expressly provided in this constitution." Const 1963, art 4, § 16; art 3, § 2. A general challenge to the governing procedures in the House of Representatives is not appropriate for judicial review. See *Mich Taxpayers United, Inc v Governor*, 236 Mich App 372, 379; 600 NW2d 401 (1999). The House rules require that motions for immediate effect be resolved with a rising vote, and that a roll call vote be made orally. Plaintiffs stated at oral argument that they have no quarrel with the rules of the House. Rather, they assert that under article 4, § 27, motions for immediate effect are required to be resolved by a roll call vote, and that article 4, § 18 prohibits a requirement that motions for immediate effect and for a roll call vote be made orally. Plaintiffs further allege that defendants' application of these provisions is unconstitutional and has resulted in a reduction in their effectiveness as legislators. This, they also allege, has served to nullify the effect of their votes as members of the House of Representatives. At oral argument, defendants conceded for purposes of this appeal that plaintiffs have standing as to these specific claims of constitutional violations. Thus, we address the merits of this appeal, recog-

nizing the admonition of our Supreme Court in *Straus v Governor*, 459 Mich 526, 531; 592 NW2d 53 (1999):

> We cannot serve as political overseers of the executive or legislative branches, weighing the costs and benefits of competing political ideas or the wisdom of the executive or legislative branches in taking certain actions, but may only determine whether some constitutional provision has been violated by an act (or omission) of the executive or legislative branch. As has been long recognized, when a court confronts a constitutional challenge it must determine the controversy stripped of all digressive and impertinently heated veneer lest the Court enter—unnecessarily this time—another thorny and trackless bramblebush of politics. [Quotation marks and citations omitted.]

### III. APPROPRIATENESS OF THE PRELIMINARY INJUNCTION

#### A. STANDARD OF REVIEW

We review for an abuse of discretion the trial court's decision to grant a preliminary injunction. *Oshtemo Charter Twp v Kalamazoo Co Rd Comm*, 288 Mich App 296, 302; 792 NW2d 401 (2010). " '[A]n abuse of discretion occurs only when the trial court's decision is outside the range of reasonable and principled outcomes.' " *Mich AFSCME Council 25 v Woodhaven-Brownstown Sch Dist*, 293 Mich App 143, 146; 809 NW2d 444 (2011), quoting *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d 132 (2007). "Questions of constitutional interpretation . . . are questions of law reviewed de novo by this Court." *Dep't of Transp v Tomkins*, 481 Mich 184, 190; 749 NW2d 716 (2008).

#### B. TEST FOR PRELIMINARY INJUNCTION

The purpose of a preliminary injunction is to preserve the "status quo pending a final hearing regarding the parties' rights." *Mich AFSCME Council 25*, 293

Mich App at 145 (quotation marks and citation omitted). "A court's issuance of a preliminary injunction is generally considered equitable relief." *Id.* To obtain a preliminary injunction, the moving party "bears the burden of proving that the traditional four elements favor the issuance of a preliminary injunction." *Detroit Fire Fighters Ass'n, IAFF Local 344 v Detroit*, 482 Mich 18, 34; 753 NW2d 579 (2008). This four-part test involves the trial court's determination that

> (1) the likelihood that the party seeking the injunction will prevail on the merits, (2) the danger that the party seeking the injunction will suffer irreparable harm if the injunction is not issued, (3) the risk that the party seeking the injunction would be harmed more by the absence of an injunction than the opposing party would be by the granting of the relief, and (4) the harm to the public interest if the injunction is issued. [*Mich AFSCME Council 25*, 293 Mich App at 148 (quotation marks and citation omitted).]

Thus, we must determine whether the trial court properly concluded that plaintiffs met their burden under this test.

### C. LIKELIHOOD OF SUCCESS ON THE MERITS

We find that plaintiffs fail to demonstrate that they are likely to prevail on the merits of their claim. While the trial court found that success on the merits was highly likely because constitutional "transparency" prevails over the governing rules in the House of Representatives, that reasoning is flawed.

"[T]he primary and fundamental rule of constitutional or statutory construction is that the Court's duty is to ascertain the purpose and intent as expressed in the constitutional or legislative provision in question." *Adair v Michigan*, 486 Mich 468, 477; 785 NW2d 119 (2010) (quotation marks and citation omitted). "This Court typi-

cally discerns the common understanding of constitutional text by applying each term's plain meaning at the time of ratification." *Wayne Co v Hathcock*, 471 Mich 445, 468-469; 684 NW2d 765 (2004). We must "give effect to the common understanding of the text," *Lansing v Michigan*, 275 Mich App 423, 430; 737 NW2d 818 (2007), and avoid an interpretation that creates "a constitutional invalidity." *Mich United Conservation Clubs v Secretary of State (After Remand)*, 464 Mich 359, 411; 630 NW2d 297 (2001) (CAVANAGH, J., dissenting).

Article 4, § 27 of the Michigan Constitution states that "[n]o act shall take effect until the expiration of 90 days from the end of the session at which it was passed, *but the legislature may give immediate effect to acts by a two-thirds vote of the members elected to and serving in each house.*" (Emphasis added). The plain language of § 27 does not specifically mandate or require the taking of a record roll call vote. Because other sections of the Constitution do specifically provide for a roll call vote, see, e.g., Const 1963, art 4, § 26 (stating that the names and the vote of the members in each house must be entered in the journal on the final passage of a bill); Const 1963, art 4, § 17 (requiring that committees in each house of the Legislature must use the roll call vote for action on all bills), we are led to conclude that the omission of any reference to a roll call vote in § 27 was intentional. See *Bush v Shabahang*, 484 Mich 156, 169; 772 NW2d 272 (2009) (noting that courts cannot assume that the language chosen by the Legislature is inadvertent). Thus, to interpret § 27 to require a roll call vote despite the complete absence of language supporting such a conclusion would violate the principles of constitutional interpretation.

We are well aware that "[e]very provision in our constitution must be interpreted in light of the document as a whole[.]" *AFSCME Council 25 v State Em-*

*ployees' Retirement Sys*, 294 Mich App 1, 9; 818 NW2d 337 (2011). Therefore, we turn to article 4, § 18 of the Constitution, which states:

> Each house shall keep a journal of its proceedings, and publish the same unless the public security otherwise requires. *The record of the vote and name of the members of either house voting on any question shall be entered in the journal at the request of one-fifth of the members present.* Any member of either house may dissent from and protest against any act, proceeding or resolution which he deems injurious to any person or the public, and have the reason for his dissent entered in the journal. [Emphasis added.]

While plaintiffs conclude that this section definitively supports that they had a constitutional right to a roll call vote, a careful reading contradicts this assertion. Article 4, § 18 does not delineate any particular method required to obtain the one-fifth vote necessary to obtain a roll call vote. Rather, it merely requires that if one-fifth of the members request a roll call vote, a roll call vote shall be taken. Since the Constitution is silent regarding the method for obtaining a one-fifth vote for a roll call vote, it is within the House's discretion to formulate its own rules and procedures regarding this issue. See Const 1963, art 4, § 16 (stating that each house shall choose its own officers and determine the rules of its proceedings). Significantly, there is no indication in the Journal of the House that a one-fifth vote requesting a roll call vote was obtained for either HB 4246 or HB 4929. As this Court has previously ruled, "the Journals of the House and Senate are conclusive evidence of those bodies' proceedings, and when no evidence to the contrary appears in the journal, we will presume the propriety of those proceedings." *Mich Taxpayers United*, 236 Mich App at 379.[1] Thus, there is

---

[1] Plaintiffs contend that Representative Kate Segal intended to request a one-fifth vote for a roll call vote and that a sufficient number of

no evidence suggesting that the defendants violated this provision of the Constitution.

Further, the Constitution contains no language supporting the trial court's anecdotal opinion that because "[w]e hear a lot today about transparency . . . the Constitution *probably* requires there to be a roll call vote, so that there can be transparency." (Emphasis added). Because the trial court's finding is devoid of constitutional support, we conclude that the trial court erred.

In short, we reject plaintiff's contention that the Constitution was violated by defendants. The constitutional provisions at issue permit the manner in which they are applied to be determined by adoption of the rules of the House, which plaintiffs concede they do not challenge, and which we do not oversee. *Straus*, 459 Mich at 531; *Mich Taxpayers United*, 236 Mich App at 379.

### D. IRREPARABLE HARM

An alternate basis justifying reversal of the trial court's decision is that plaintiffs failed to demonstrate that they would suffer irreparable harm if a preliminary injunction was not obtained. As the moving party, plaintiffs bore the burden of establishing the existence of an irreparable harm. *Detroit Fire Fighters Ass'n*, 482 Mich at 34. It is "well settled that an injunction will not lie upon the mere apprehension of future injury or where the threatened injury is speculative or conjec-

---

members were prepared to vote in favor. To support this claim, plaintiffs offer a list of those members whom they say were in support of Representative Segal's request. Yet the House Journal conclusively shows that no roll call vote request was made and such a vote did not take place. Because the Journal of the House is conclusive and "[p]arol evidence may not be used to show that the Legislature violated the constitution in enacting a statute," *Mich Taxpayers United*, 236 Mich App at 379, plaintiffs' arguments are meritless.

tural." *Mich AFSCME Council 25*, 293 Mich App at 149 (quotation marks and citation omitted). A party must demonstrate "a particularized showing of irreparable harm" and "[t]he injury is evaluated in light of the totality of the circumstances affecting, and the alternatives available to, the party seeking injunctive relief." *Id.*

Plaintiffs' generalized argument that a constitutional violation would result in harm is insufficient because it is not particularized. Moreover, plaintiffs' ability to vote and the effectiveness of their vote have not been impaired. Plaintiffs had, and continue to have, the ability to request a roll call vote as long as they follow the procedures established by the House of Representatives and amass one-fifth support for such a motion. Because their failure to achieve a one-fifth vote in this case is not a result of a constitutional violation, they have failed to identify an irreparable harm.

Plaintiffs' assertion that their constituents were harmed because of the effect on referendums is also unfounded. Article 2, § 9 of the Constitution states that

> [t]he people reserve to themselves the power . . . to approve or reject laws enacted by the legislature, called the referendum. . . . The power of referendum does not extend to acts making appropriations for state institutions or to meet deficiencies in state funds and must be invoked in the manner prescribed by law within 90 days following the final adjournment of the legislative session at which the law was enacted.

Nothing in the language of this section or in article 4 § 27 implies that the people's right to a referendum has been impaired. The power of a referendum can be invoked within 90 days of the final adjournment of the legislative session and nothing implies that the immediate effect of the law infringes upon the right to a

referendum. As this Court held in *Frey v DSS Dir*, 162 Mich App 586, 601-602; 413 NW2d 54, aff'd 429 Mich 315 (1987):

> Plaintiffs' argument that giving the act immediate effect would impair their right to referendum is without merit. Under article 2, § 9, referendum must be invoked within ninety days of the final adjournment of the legislative session at which the law was enacted. Whether the law was given immediate effect is irrelevant.

Thus, plaintiffs have failed to demonstrate that they will suffer irreparable harm if an injunction is not issued. *Mich AFSCME Council 25*, 293 Mich App at 148-149.

### IV. CONCLUSION

The trial court erred by granting the preliminary injunction. Because plaintiffs failed to demonstrate a likelihood of success on the merits or to establish irreparable harm, we reverse the trial court's order, vacate the preliminary injunction, and remand for an order of dismissal. We do not retain jurisdiction.

There are no costs, a public question being involved. We do not retain jurisdiction. This opinion is to have immediate effect pursuant to MCR 7.215(F)(2).

TALBOT, P.J., and WILDER, J., concurred with RIORDAN, J.