*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHRISTOPHER MARTIN,

       Plaintiff-Appellant,

v

SECRETARY OF STATE and DIRECTOR OF
BUREAU OF ELECTIONS,

       Defendants-Appellees.

UNPUBLISHED
September 7, 2022

No. 362420
Court of Claims
LC No. 22-000092-MB

Before: M. J. KELLY, P.J., and BORRELLO and RICK, JJ.

PER CURIAM.

Plaintiff, Christopher Martin, appeals by right a July 12, 2022 opinion and order of the Court of Claims, which granted summary disposition under MCR 2.116(C)(8) to defendants, the Secretary of State and the Director of the Bureau of Elections, and denied plaintiff's motion for a preliminary injunction and requests for mandamus and declaratory relief. We affirm.

## I. SUMMARY OF FACTS AND PROCEDURAL HISTORY

Plaintiff seeks to be elected to the office of judge on the 54B District Court. On March 9, 2022, plaintiff submitted a nominating petition supported by 140 signatures, an affidavit of constitutional qualification, and an affidavit of identity (AOI). In the AOI, plaintiff asserted that "[a]t this date, all statements, reports, late filing fees, and fines due from me or any Candidate Committee organized to support my election to office under the Michigan Campaign Finance Act, PA 388 of 1976, have been filed or paid." He also acknowledged that making a false statement on the AOI is perjury and may result in disqualification from the ballot.

There is no dispute that the AOI contained a false statement. Plaintiff owed a $125 late filing fee. Plaintiff subsequently paid the late filing fee. He then submitted an amended AOI.

On April 15, 2022, at 10:20 a.m., plaintiff submitted a notice of withdrawal. Nine minutes later, at 10:29 a.m. on April 15, 2022, plaintiff submitted a new nominating petition with 144 signatures, a new affidavit of constitutional qualification, and a new AOI.

-1-

In a May 17, 2022 letter, Jonathan Brater, Director of the Bureau of Elections, informed plaintiff that he was disqualified from the ballot. Brater explained that, under MCL 168.558(4), he was prohibited from certifying plaintiff's name for the ballot because the March 9, 2022 AOI contained a false statement. The Bureau of Elections rejected plaintiff's challenge to the disqualification.

Plaintiff sued defendants, seeking mandamus, declaratory, and injunctive relief. In a motion for a preliminary injunction, plaintiff argued that, under MCL 169.220(1)(a), a section in the Michigan Campaign Finance Act (MCFA), MCL 169.201 *et seq.*, when he filed his notice of withdrawal at 10:20 a.m. on April 15, 2022, he was no longer a candidate and the March 9, 2022 AOI was legally inoperative. He became a new candidate with a new candidacy when he filed a new nominating petition and a new AOI at 10:29 a.m. on April 15, 2022. Plaintiff also argued that MCL 168.558(4), as interpreted by defendants, violated his First Amendment right to ballot access. Defendants moved for summary disposition under MCR 2.116(C)(8).

In its opinion and order, the Court of Claims stated that, because the Michigan Election Law, MCL 168.1 *et seq.* did not define the term "candidate," it was appropriate to look at dictionary definitions to define the word "candidate" in MCL 168.558. According to the Court of Claims, the dictionary definitions focused on the individual's intent to run for office. The Court of Claims also believed it was appropriate to look at the MCFA's definition of the word "candidate" for "guidance" because MCL 168.558(4) referred to the MCFA. The Court of Claims concluded that MCFA defined the term broadly to include individuals who were making expenditures toward a campaign, even if the individuals had not yet filed candidacy paperwork.

The Court of Claims rejected plaintiff's argument that his first candidacy ended when he filed his notice of withdrawal. It explained that the undisputed facts showed that plaintiff always intended to run for the office of judge of the 54B District Court. Plaintiff obtained the 144 signatures for his new nominating petition before he filed his notice of withdrawal. And then, within nine minutes of filing the notice of withdrawal, plaintiff filed the new nominating petition. According to the Court of Claims, because plaintiff always remained a candidate, and because the March 9, 2022 AOI contained a false statement, plaintiff could not establish a right to appear on the ballot or a legal duty by defendants to place him on the ballot. Therefore, his claims for mandatory and declaratory relief failed. Because plaintiff could not establish a likelihood that he would prevail on the merits, he was not entitled to a preliminary injunction.

The Court of Claims also rejected plaintiff's argument that he was deprived of his First Amendment rights. The argument failed "at the outset," the Court of Claims stated, because there was no constitutional right to candidacy. But even if plaintiff's constitutional rights were implicated, there was no violation of the rights. The Court of Claims explained that the burden imposed by MCL 168.558(4)—requiring a candidate to certify compliance with the MCFA—was minimally burdensome and was supported by the state's interest in ensuring compliance with the MCFA.

## II. STANDARDS OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *Ellison v Dep't of State*, 320 Mich App 169, 175; 906 NW2d 221 (2017). Summary disposition is

appropriate under MCR 2.116(C)(8) if "[t]he opposing party has failed to state a claim on which relief can be granted."

We also review de novo the interpretation and application of a statute. *Lockport Twp v Three Rivers*, 319 Mich App 516, 520; 902 NW2d 430 (2017). "The goal of statutory interpretation is to give effect to the Legislature's intent as determined from the language of the statute." *Bukowski v Detroit*, 478 Mich 268, 273; 732 NW2d 75 (2007). Questions of constitutional law are reviewed de novo. *Ass'n of Home Help Care Agencies v Dep't of Health & Human Servs*, 334 Mich App 674, 685; 965 NW2d 707 (2020).

We review for an abuse of discretion a trial court's decision whether to grant mandamus relief. *Berry v Garrett*, 316 Mich App 37, 41; 890 NW2d 882 (2016).

> To obtain the extraordinary remedy of a writ of mandamus, the plaintiff must show that (1) the plaintiff has a clear, legal right to performance of the specific duty sought, (2) the defendant has a clear legal duty to perform, (3) the act is ministerial, and (4) no other adequate legal or equitable remedy exists that might achieve the same result. [*Rental Props Owners Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 518; 866 NW2d 817 (2014).]

Whether a defendant has a clear legal duty to perform and whether the plaintiff has a clear legal right to performance of the duty are questions of law reviewed de novo. *Berry*, 316 Mich App at 41.

We review for an abuse of discretion a trial court's decision whether to grant a preliminary injunction. *Hammel v Speaker of House Representatives*, 297 Mich App 641, 647; 825 NW2d 616 (2012). When a party seeks a preliminary injunction, a court must evaluate whether

> (1) the moving party made the required demonstration of irreparable harm, (2) the harm to the application absent such an injunction outweighs the harm it would cause to the adverse party, (3) the moving party showed that it is likely to prevail on the merits, and (4) there will be harm to the public interest if an injunction is issued. [*Detroit Fire Fighters Ass'n, IAFF Local 344 v Detroit*, 482 Mich 18, 34; 753 NW2d 579 (2008).]

### III.  DISQUALIFICATION FROM THE BALLOT

Plaintiff argues that MCL 168.558 must be read in conjunction with the definitions in the MCFA. According to plaintiff, under the MCFA, when he filed his notice of withdrawal at 10:20 a.m. on April 15, 2022, he was no longer a candidate, and the March 9, 2022 AOI cannot be tied to his second candidacy, which began at 10:29 a.m. on April 15, 2022, when he filed a new nominating petition and a new AOI.

MCL 168.558 provides, in pertinent part:

> (1) When filing a nominating petition, qualifying petition, filing fee, or affidavit of candidacy for a federal, county, state, city, township, village, metropolitan district, or school district office in any election, a candidate shall file

with the officer with whom the petitions, fee, or affidavit is filed 2 copies of an affidavit of identity. . . .

(2) An affidavit of identity must contain the candidate's name and residential address; a statement that the candidate is a citizen of the United States; the title of the office sought including the jurisdiction, district, circuit or ward; the candidate's political party or a statement indicating no party affiliation if the candidate is running without political party affiliation; the term of office; the date of the election in which the candidate wishes to appear on the ballot; a statement that the candidate meets the constitutional and statutory qualifications for the office sought; other information that may be required to satisfy the officer as to the identity of the candidate; and the manner in which the candidate wishes to have his or her name appear on the ballot. . . .

\* \* \*

(4) An affidavit of identity must include a signed and notarized statement that as of the date of the affidavit, all statements, reports, late filing fees, and fines required of the candidate or any candidate committee organized to support the candidate's election under the Michigan campaign finance act, 1976 PA 338, MCL 169.201 to 169.282, have been filed or paid, and a statement that the candidate acknowledges that making a false statement in the affidavit is perjury, punishable by a fine up to $1,000.00 or imprisonment for up to 5 years, or both. . . . An officer *shall not* certify to the board of election commissioners the name of a candidate who fails to comply with this section, or the name of a candidate who executes an affidavit of identity that contains a false statement with regard to any information or statement required under this section. [Emphasis added.]

The term "shall not" constitutes a prohibition. *1031 Lapeer LLC v Rice*, 290 Mich App 225, 231; 810 NW2d 293 (2010). Accordingly, under MCL 168.558(4), an officer is prohibited from certifying to the Board of Election Commissioners the name of a candidate who executes an AOI that contains a false statement with regard to any information required under MCL 168.558. See *Moore v Genesee Co*, 337 Mich App 723, 730; 976 NW2d 921 (2021).

At issue in this appeal is the meaning of the word "candidate" in MCL 168.558(4). "Unless statutorily defined, every word or phrase of a statute should be accorded its plain and ordinary meaning, taking into account the context in which the words are used." *Krohn v Home-Owners Ins Co*, 490 Mich 145, 156; 802 NW2d 281 (2011). To determine a word's common and ordinary meaning, a court may consult dictionary definitions. *Id.*

MCL 168.558, a provision of the Michigan Election Law, does not define the word "candidate." Nor is "candidate" defined in any other provision of the Michigan Election Law. The word "candidate" is defined in dictionaries, in pertinent part, as "one that aspires to or is nominated or qualified for an office, membership, or award," *Merriam-Webster's Collegiate Dictionary* (11th ed), and "[a]n individual seeking election to an office, membership, award, or like title or status," *Black's Law Dictionary* (11th ed).

-4-

As already indicated, plaintiff argues that the definition of "candidate" from the MCFA should be incorporated into MCL 168.558(4). The MCFA defines "candidate" in MCL 169.203(1), which provides:

> "Candidate" means an individual who meets 1 or more of the following criteria:
>
> (a) Files a fee, an affidavit of incumbency, or a nominating petition for an elective office.
>
> (b) Is nominated as a candidate for elective office by a political party caucus or convention and whose nomination is certified to the appropriate filing official.
>
> (c) Receives a contribution, makes an expenditure, or gives consent for another person to receive a contribution or make an expenditure with a view to bringing about the individual's nomination or election to an elective office, whether or not the specific elective office for which the individual will seek nomination or election is known at the time the contribution is received or the expenditure is made.
>
> (d) Is an officeholder who is the subject of a recall vote.
>
> (e) Holds an elective office, unless the officeholder is constitutionally or legally barred from seeking reelection or fails to file for reelection to that office by the applicable filing deadline. An individual described in this subdivision is considered to be a candidate for reelection to that same office for the purposes of this act only.

MCL 169.201(2) provides, "Except as otherwise defined in this act, the words and phrases defined in [MCL 169.202 to MCL 169.212] "shall, *for the purposes of this act*, have the meanings ascribed to them in those sections." (Emphasis added.) Accordingly, the Legislature specifically limited the definitions found in MCL 169.202 to MCL 169.212 to the MCFA. It would therefore be contrary to the Legislature's intent as stated in the MCFA to apply the MCFA's definition of the term "candidate" found in MCL 169.203(1) beyond the MCFA. See *People v Mazur*, 497 Mich 302, 314-315; 872 NW2d 201 (2015); *Woodard v Custer*, 476 Mich 545, 563; 719 NW2d 842 (2006).

Plaintiff does not, however, rely solely on the definition of the term "candidate" in MCL 169.203(1). He also relies on MCL 169.220(1), which is not a section that the Legislature in MCL 169.201(2) specifically limited to the MCFA. MCL 169.220(1) provides circumstances for when an individual is not a candidate:

> An individual is not considered a candidate if the individual has done any of the following:
>
> (a) Filed a fee, affidavit of incumbency, or nominating petition for an elective office, if the individual withdraws within the time limit established by law, and if the individual has not received a contribution, made an expenditure, or given consent for another person to receive a contribution or make an expenditure to

secure the individual's nomination or election to an elective office. For purposes of this subdivision, a payment of a filing fee for elective office is not considered an expenditure.

(b) Has been nominated as a candidate for elective office by a political party caucus or convention, if the individual nominated withdraws within the time limit established by law or does not submit the notice of acceptance of nomination according to the procedures established by law, and if the individual has not received a contribution, made an expenditure, or given consent for another person to receive a contribution or make an expenditure to secure the individual's nomination or election to an elective office.

(c) Has been nominated as a candidate for elective office by a political party caucus or convention, if the party does not qualify to have its name and candidates' names appear on the general election ballot under section 685 of the Michigan election law, 1954 PA 116, MCL 168.685, and if the individual has not received a contribution or made an expenditure to secure the individual's nomination or election to an elective office.

(d) Has been appointed to fill a vacancy in an elective office if the individual does not meet 1 of the criteria of [MCL 169.203(1)].

MCL 169.220(1) cannot be divorced from MCL 169.203(1). MCL 169.203(1) provides a definition of the term "candidate" for when the term appears in the MCFA. And MCL 169.220(1) indicates when an individual, who is a "candidate" under the definition provided in MCL 169.203(1), is not to be considered a candidate. Because the Legislature specifically limited the definition of the term "candidate" in MCL 169.203(1) to the MCFA, MCL 169.220(1) must also be limited to the MCFA.

According to plaintiff, the MCFA's definition of "candidate" must be incorporated into MCL 168.558(4) because MCL 168.558(4) references the MCFA. The MCFA is referenced in the first sentence of MCL 168.558(4). "It is presumed that the Legislature knows of and intends to legislate in harmony with existing law." *Henderson v Dep't of Treasury*, 307 Mich App 1, 14; 858 NW2d 733 (2014) (quotation marks and citation omitted). Consequently, when the Legislature enacted MCL 168.558(4), it knew that the MCFA contained a definition of the term "candidate" and that it had limited that definition to the MCFA. Had the Legislature intended for the word "candidate" when it appeared in the Michigan Election Law—or just in MCL 168.558(4)—to be given the MCFA's definition of "candidate," rather than to be defined by its plain and ordinary meaning, it could have expressly stated that intent.[1]

For the above reasons, we conclude that the term "candidate" in MCL 168.558(4) should be given its plain and ordinary meaning, which is one who aspires or seeks election to an office. *Merriam-Webster's Collegiate Dictionary* (11th ed); *Black's Law Dictionary* (11th ed). We agree

---

[1] The Legislature has shown an ability to express its intent that a definition provided in the MCFA should apply to a section of the Michigan Election Law. See MCL 168.662(1).

with the Court of Claims that plaintiff, even though he filed a notice of withdrawal, always remained a candidate for a position of judge on the 54B District Court. Before plaintiff filed his notice of withdrawal, he obtained signatures for the nominating petition that he filed just nine minutes after he submitted his notice of withdrawal. At all times after he executed the March 9, 2022 AOI that contained the false statement, plaintiff never stopped aspiring or seeking election to the office of judge on the 54B District Court. Because plaintiff never ceased being a "candidate" for purposes of MCL 168.558(4), and because he submitted an AOI that contained a false statement, defendants were prohibited from certifying his name to the Board of Election Commissioners. MCL 168.558(4).

## IV. FIRST AMENDMENT RIGHTS

Plaintiff argues that the Court of Claims erred in determining that application of MCL 168.558(4) did not violate his First Amendment rights.[2] According to plaintiff, because MCL 168.558(4) required that he be disqualified from the ballot, the burden imposed by the statute is severe and the statute must be subject to strict scrutiny.

Plaintiff fails to recognize that the Court of Claims provided two reasons for rejecting his constitutional argument. It held "at the outset" that plaintiff's argument failed because plaintiff had no constitutional right to candidacy. Because plaintiff does not address the Court of Claims's holding that his constitutional rights were not violated because those rights were not even implicated, we need not even consider plaintiff's argument that application of MCL 168.558(4) violates his constitutional rights. See *Seifeddine v Jaber*, 327 Mich App 514, 522; 934 NW2d 64 (2019).

Regardless, we find no merit to plaintiff's argument that the burden imposed by MCL 168.558(4) is severe and must be subject to strict scrutiny. "Every election law, 'whether it governs the registration and qualification of voters, the selection and eligibility of candidates, or the voting process itself, inevitably affects—at least to some degree—the individual's right to vote and his right to associate with others for political ends.' " *Promote the Vote v Secretary of State*, 333 Mich App 93, 128-129; 958 NW2d 861 (2020), quoting *Anderson v Celebrezze*, 460 US 780, 788; 103 S Ct 1564; 75 L Ed 2d 547 (1983). Consequently, subjecting every election regulation to strict scrutiny and to require that the regulation be narrowly tailored to advance a compelling interest would tie the hands of states seeking to assure that elections are operated equitably and efficiently. *Burdick v Takushi*, 504 US 428, 433; 112 S Ct 2059; 119 L Ed 2d 245 (1992). A more flexible standard applies:

---

[2] Plaintiff also asserts that application of MCL 168.558(4) violates the First Amendment rights of the citizens who signed his new nominating petition. We will not address the constitutional rights of these citizens. Any argument regarding the constitutional rights of the citizens who signed plaintiff's new nominating petition is unpreserved, and we need not address it. See *Green v Ziegelman*, 282 Mich App 292, 300; 767 NW2d 660 (2009). Furthermore, plaintiff makes no argument that would allow him to raise the constitutional rights of others. "[C]onstitutional rights are personal, and a person generally cannot assert the constitutional rights of others." *Reed v Reed*, 265 Mich App 131, 159; 693 NW2d 825 (2005).

A court considering a challenge to a state election law must weigh "the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments that the plaintiff seeks to vindicate" against "the precise interests put forward by the State as justifications for the burden imposed by its rule," taking into consideration "the extent to which those interests make it necessary to burden the plaintiff's rights."

Under this standard, the rigorousness of our inquiry into the propriety of a state election law depends upon the extent to which a challenged regulation burdens First and Fourteenth Amendment rights. Thus, as we have recognized when those rights are subjected to "severe" restrictions, the regulation must be "narrowly drawn to advance a state interest of compelling importance." But when a state election law provision imposes only "reasonable, nondiscriminatory restrictions" upon the First and Fourteenth Amendment rights of voters, "the State's important regulatory interests are generally sufficient to justify" the restrictions. [*Id.* at 434 (citations omitted).]

Many regulations fall between severe restrictions and reasonable, nondiscriminatory restrictions. *Green Party of Tennessee v Hargett*, 767 F3d 533, 546 (CA 6, 2014). In those situations, courts must engage in a flexible analysis, weighing the burden on the plaintiff against the state's asserted interest and chosen means of pursuing it. *Id.*

Plaintiffs relies on several cases from the Sixth Circuit where it stated that "[t]he hallmark of a severe burden is exclusion or virtual exclusion from the ballot." See, e.g., *Libertarian Party of Kentucky v Grimes*, 835 F3d 570, 574 (CA 6, 2016). This statement does not mean, as asserted by plaintiff, that a regulation imposes a severe burden simply because it results in the exclusion of an individual from a ballot. Rather, the statement means that if the effect of the regulation, because of the burden of satisfying its requirements, is the exclusion or virtual exclusion from the ballot, then the regulation constitutes a severe burden. See *id.* at 574-577.

MCL 168.558(4) does not impose a severe burden. The requirement that an AOI must include a signed and notarized statement that as of the date of the affidavit, all statements, reports, late filing fees, and fines required of the candidate or any candidate committee under the MCFA have been filed or paid imposes a minimal burden. There is no argument that the burden of satisfying this requirement has kept all or nearly all of the candidates who must submit an AOI off the ballot. Plaintiff also does not dispute that, as the Court of Claims stated, the state maintains a website where candidates can determine whether they owe any reports or fines or that such information can be gleaned by contacting the Bureau of Elections.

The requirement that an AOI must include a signed and notarized statement that as of the date of the affidavit, all statements, reports, late filing fees, and fines required of the candidate or any candidate committee under the MCFA have been filed or paid is a reasonable, nondiscriminatory regulation. Anyone who files a nominating petition, qualifying petition, filing fee, or affidavit of candidacy, must file an AOI. MCL 168.558(1). This includes all individuals who seek the office of a judge on a district court, regardless whether the individual is an incumbent. MCL 168.413; MCL 168.413a. The Legislature enacted the MCFA to regulate political campaign financing. *Mich State Chamber of Commerce v Secretary of State*, 122 Mich App 611, 614; 332

NW2d 547 (1983).  The state's interest in securing compliance with the MCFA is sufficient to justify the regulation.  Accordingly, the Court of Claims did not err in holding that, even if plaintiff's constitutional rights were implicated, there was no violation of those rights.

## V.  CONCLUSION

The Court of Claims did not err in granting summary disposition to defendants.  Because defendants were prohibited from certifying plaintiff's name to the Board of Election Commissioners, and because plaintiff has not shown that MCL 168.558(4) violated his First Amendment rights, plaintiff's claims for mandamus, declaratory, and injunctive relief fail.

Affirmed.

/s/ Michael J. Kelly
/s/ Stephen L. Borrello
/s/ Michelle M. Rick