*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN,

        Plaintiff-Appellant,

v

THERASUPPORT BEHAVIORAL HEALTH &
WELLNESS, THERASUPPORT
REHABILITATION, LLC, and ROGER
TALIAFERRO,

        Defendants-Appellees.

UNPUBLISHED
May 11, 2023

No. 361552
Washtenaw Circuit Court
LC No. 22-000221-CZ

Before: O'BRIEN, P.J., and MURRAY and LETICA, JJ.

PER CURIAM.

Plaintiff, Farm Bureau General Insurance Company of Michigan, appeals by leave granted[1] the trial court's order granting a preliminary injunction in favor of defendants, TheraSupport Behavioral Health & Wellness, TheraSupport Rehabilitation, LLC, and Roger Taliaferro. On appeal, Farm Bureau contends that the trial court erred as a matter of law by concluding that the fee schedules in MCL 500.3157, as amended by 2019 PA 21, effective June 11, 2019, were not intended to apply to persons injured in motor vehicle accidents that occurred before the effective date of the amendment, and that retroactive application of the statute would be unconstitutional. Farm Bureau also contends that the trial court abused its discretion by issuing a preliminary injunction without affording Farm Bureau an opportunity to be heard and present evidence. We affirm, but only because under MCR 7.215(J)(1) we must adhere to *Andary v USAA Cas Ins Co*, ___ Mich App ___; ___ NW2d ___ (2022) (Docket No. 356487). And, because the Supreme Court has already conducted arguments in *Andary v USAA Cas Ins Co*, 979 NW2d 823 (Mich, 2022), we cannot invoke the conflict procedures under MCR 7.215. We affirm.

---

[1] *Farm Bureau Gen Ins Co of Mich v TheraSupport Behavioral*, unpublished order of the Court of Appeals, entered June 9, 2022 (Docket No. 361552).

-1-

# I. RELEVANT FACTS AND PROCEEDINGS

The Legislature's enactment of 2019 PA 21 and 2019 PA 22 made significant changes to the No-Fault Insurance Act, MCL 500.3101 *et seq*. Among the changes, 2019 PA 21 amended MCL 500.3157 to include fee schedules that capped the amount of certain payments or reimbursements that a healthcare provider could receive for treating a person entitled to Personal Injury Protection (PIP) benefits. The fee schedules went into effect on July 1, 2021. MCL 500.3157(7)(a)(*i*).

Defendant Taliaferro suffered a traumatic brain injury in a 1988 car accident. He received insurance benefits under his parents' insurance policy with Farm Bureau. Following the 2018 settlement of a lawsuit between Taliaferro and Farm Bureau for the payment of PIP benefits, Farm Bureau began reimbursing TheraSupport Behavioral Health and Wellness, and TheraSupport Rehabilitation, LLC (collectively, "TheraSupport"), $900 a day for room, board, and attendant care services. In February 2022, Farm Bureau filed a complaint seeking a declaratory judgment that the amount of PIP benefits payable to TheraSupport was capped in accordance with MCL 500.3157(7)(a)(*i*).

Defendants moved emergently for a preliminary injunction under MCR 3.310(A), asking the trial court to order Farm Bureau to pay TheraSupport $900 a day for the treatment and care that it provided Taliaferro from July 1, 2022, and to make payment within 30 days of receiving reasonable proof of the fact and amount of TheraSupport's claims. TheraSupport asserted in a supporting brief that Taliaferro was being evicted because Farm Bureau had not made any payments for residential rehabilitation and attendant care for the previous seven months. TheraSupport argued that the likelihood that it would prevail on the merits was high because the fee schedules of MCL 500.3157(7)(a) were not intended to apply to pre-amendment claims and because Taliaferro's contractual rights to full reimbursement for all reasonable charges for residential brain injury care became legally vested when the insurance premium was paid and Taliaferro sustained a qualifying injury that triggered payment of benefits under the policy. Affidavits from Taliaferro's caregivers were unanimous that it was more likely than not that Taliaferro could not survive outside of a supportive living and rehabilitative environment. TheraSupport argued that while Farm Bureau and the public interest would suffer no harm if the preliminary injunction was issued, the harm to Taliaferro could be dire if the preliminary injunction was not issued. The day after defendants filed their motion, the trial court issued an order stating that it found oral argument unnecessary and asserting that MCL 500.3157(7) did not apply retroactively to an injury that occurred in 1988. Essentially adopting TheraSupport's reasoning, the trial court issued the requested preliminary injunction.

# II. STANDARD OF REVIEW

"Statutory interpretation is an issue of law that is reviewed de novo." *Shinholster v Annapolis Hosp*, 471 Mich 540, 549; 685 NW2d 275 (2004). This Court reviews for an abuse of discretion the lower court's decision to grant a preliminary injunction. *Hammel v Speaker of House of Representatives*, 297 Mich App 641, 647; 825 NW2d 616 (2012). "[A]n abuse of discretion occurs only when the trial court's decision is outside the range of reasonable and principled outcomes." *Id.* (alteration in original; quotation marks and citation omitted).

-2-

## III. MCL 500.3157

Farm Bureau first contends that the trial court erred by concluding that the caps on PIP benefits provided by the fee schedules in MCL 500.3157(7)(a) did not apply to persons injured in accidents that occurred before the 2019 amendments to the No-Fault Act took effect. In making this argument, however, plaintiff recognizes that *Andary*, ___ Mich App ___ slip op at 1, precludes its argument, as the *Andary* Court held that the limitations on PIP benefits enacted by 2019 PA 21 did not apply retroactively "because the Legislature did not clearly demonstrate an intent for the amendments to apply retroactively to persons injured in pre-amendment accidents." *Id.*

To summarize, the *Andary* Court concluded that MCL 500.3157(7) and (10) could not be applied retroactively to the injured plaintiffs because (1) there was no "clear, direct, and unequivocal" language in the 2019 amendments or the No-Fault Act explicitly stating the Legislature's intent to have MCL 500.3157(7) apply retroactively; (2) the language of MCL 500.2111f(8) was insufficient to overcome the presumption against retroactivity; and (3) retroactive application "would alter the injured plaintiffs' settled rights and expectations under the pre-amendment No-Fault Act, which were obtained in exchange for premiums based on defendants' obligation to pay all reasonable charges not subject to fee schedules or caps." *Id.* at ___; slip op at 11.

Because the Supreme Court will resolve the validity of *Andary* in short order, we need go no further. This Court's decision in *Andary* controls.

## IV. PRELIMINARY INJUNCTION

Farm Bureau next argues that the trial court abused its discretion by granting defendants' motion for a preliminary injunction under MCR 3.310(A) without the required hearing on the motion or providing an opportunity to otherwise respond. We find no grounds to provide Farm Bureau with relief.

"The purpose of a preliminary injunction is to preserve the status quo pending a final hearing regarding the parties' rights." *Hammel*, 297 Mich App at 647 (quotation marks and citation omitted). In determining whether to issue a preliminary injunction, a trial court must consider the following factors:

> (1) the likelihood that the party seeking the injunction will prevail on the merits, (2) the danger that the party seeking the injunction will suffer irreparable harm if the injunction is not issued, (3) the risk that the party seeking the injunction would be harmed more by the absence of an injunction than the opposing party would be by the granting of the relief, and (4) the harm to the public interest if the injunction is issued. [*Id.* at 648 (quotation marks and citation omitted).]

The crux of the parties' dispute in the trial court was whether MCL 500.3157(7) operated to cap PIP benefits that accrued after July 1, 2021, for the treatment of injuries suffered in pre-amendment motor vehicle accidents. Defendants' motion for a preliminary injunction advanced several reasons why the fee schedules of MCL 500.3157(7) were not intended to apply to claims arising from injuries suffered in pre-amendment accidents. Farm Bureau's complaint for declaratory relief articulated Farm Bureau's position regarding the interpretation of the statute and

its applicability to the payments due to TheraSupport for Taliaferro's treatment and care. Therefore, even though the trial court did not hold the required hearing before granting defendants' motion for a preliminary injunction, it was perfectly aware of Farm Bureau's position. The trial court's adoption of defendants' position regarding the applicability of the statute to the PIP benefits due for Taliaferro's treatment was dispositive. Regardless of whether defendants demonstrated that the remaining factors favored granting their motion, the trial court's interpretation of MCL 500.3157(7) as inapplicable to Taliaferro compelled its decision to grant defendants' motion for a preliminary injunction that maintained the status quo by ordering Farm Bureau to continue paying $900 a day for Taliaferro's treatment.

Even though the trial court did not follow any of the procedures required by MCR 3.310, given that the dispositive issue was the interpretation and application of MCL 500.3157(7), and the trial court was fully apprised of Farm Bureau's position on the matter, the trial court's procedural error was harmless. See MCR 2.613(A). Even if the trial court's error was not harmless, Farm Bureau is not entitled to any relief, given the subsequent decision in *Andary*. For these reasons, we conclude that the trial court did not abuse its discretion by granting defendants' motion for a preliminary injunction.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Christopher M. Murray
/s/ Anica Letica