*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

JD, a legally incapacitated person and protected person, by Next Friend and Guardian CHERYL SZCZESNIAK,

        Plaintiff-Appellee,

v

AUTO CLUB INSURANCE ASSOCIATION,

        Defendant-Appellant.

UNPUBLISHED
August 17, 2023

No. 361252
Wayne Circuit Court
LC No. 22-000173-NI

Before: RICK, P.J., and SHAPIRO and LETICA, JJ.

PER CURIAM.

Plaintiff was catastrophically injured before the 2019 amendments to the no-fault act, MCL 500.3101 *et seq.*, came into effect. Defendant appeals by leave granted[1] the trial court's order granting a preliminary injunction to plaintiff on the basis that he was entitled to be paid no-fault benefits as they existed at the time of his accident. In *Andary v USAA Cas Ins Co*, ___ Mich ___; ___ NW2d ___ (2023) (Docket No. 164772), the Michigan Supreme Court recently affirmed this Court's holding that MCL 500.3157(7) and (10) do not apply retroactively to alter the personal protection insurance (PIP) benefits of those injured before the effective date of the amended statutes. *Id.* at ___; slip op at 55. Accordingly, we affirm the trial court's grant of a preliminary injunction.[2]

---

[1] See *JD v Auto Club Ins Ass'n*, unpublished order of the Court of Appeals, entered August 5, 2022 (Docket No. 361252).

[2] "[A] trial court's decision to grant injunctive relief is reviewed for an abuse of discretion." *Dep't of Environmental Quality v Gomez*, 318 Mich App 1, 32; 896 NW2d 39 (2016). "An abuse of discretion occurs when the court's decision falls outside the range of reasonable and principled outcomes." *Id.* at 33-34 (quotation marks and citation omitted).

Plaintiff was seriously injured and permanently disabled in a 1995 motor vehicle accident. As a result, he requires 24-hour daily monitoring and care. Since his injury, apart from a few isolated periods, plaintiff's mother and guardian, Cheryl Szczesniak, has provided the entirety of his attendant care in-home. Defendant is an insurer liable for plaintiff's medical expenses under the no-fault act, and it had previously reimbursed Szczesniak for plaintiff's care without issue. Specifically, defendant previously paid Szczesniak for 24-hours of daily care at a rate of $14.25/hour. However, following the Legislature's 2019 amendments to the no-fault act, defendant reduced Szczesniak's daily care rate to $12.50/hour, and otherwise limited reimbursement to a maximum of eight hours per day (or 56 hours per week).

The 2019 no-fault act amendments adopted a new fee schedule, effective July 2, 2021, mandating specific reimbursement caps on various categories of healthcare expenses provided on behalf of no-fault insureds. See MCL 500.3157, as amended by 2019 PA 21.[3] Relevant here, MCL 500.3157 now generally limits reimbursement for services that are noncompensable by Medicare to 55% of the provider's customary charge. Further, MCL 500.3157(10) now only requires insurers to pay for up to 56 hours of attendant care per week when such care, like that at issue here, is provided by a relative to the insured.

Plaintiff, by his next friend and guardian Szczesniak, subsequently filed a complaint against defendant for unpaid no-fault benefits. Plaintiff also filed an emergency motion for a preliminary injunction, requesting that the trial court enjoin defendant from retroactively applying the 2019 no-fault amendments to plaintiff's care (and Szczesniak's reimbursement claims related thereto) during the pending litigation. The trial court granted plaintiff's motion, reasoning: "Because the rights and liabilities of the parties are determined by the law at the time the cause of action accrued, and the parties contracted for certain benefits in existence at that time, Defendant shall maintain the status quo. There is no indication the amendments are to apply retroactively."

After this Court granted defendant's application for leave to appeal, we decided *Andary v USAA Cas Ins Co*, ___ Mich App ___; ___ NW2d ___ (2022) (Docket No. 356487), holding that (1) the Legislature did not intend for MCL 500.3157(7) and (10) to be applied retroactively to those injured before the amendments' effective date, and (2) even if the Legislature had so intended, such retroactive application would nevertheless violate the Contracts Clause of the Michigan Constitution. *Id*. at ___; slip op at 1, 11, 13. The Supreme Court granted the defendants' application for leave to appeal in *Andary*.[4] After hearing oral argument in this case, we issued an order holding this case in abeyance pending the Supreme Court's decision.[5]

---

[3] The prior version of MCL 500.3157, as enacted by 1972 PA 294, simply allowed healthcare providers to charge "a reasonable amount for the products, services and accommodations rendered[,] . . . not exceed[ing] the amount the person or institution customarily charges for like products, services and accommodations in cases not involving insurance."

[4] *Andary v USAA Cas Ins Co*, ___ Mich ___; 979 NW2d 823 (2022).

[5] *JD v Auto Club Ins Ass'n*, unpublished order of the Court of Appeals, entered March 14, 2023 (Docket No. 361252).

On July 31, 2023, the Supreme Court issued its opinion in *Andary*. In affirming our decision that MCL 500.3157(7) and (10) could not be applied to those injured in pre-amendment accidents, the Court first concluded "that PIP benefits mandated by the no-fault act are both statutory and contractual in nature in cases in which the injured person is provided PIP benefits as a covered individual under the terms of a no-fault insurance policy." *Andary*, ___ Mich at ___; slip at 23. Next, the Court determined that the plaintiffs'[6] "rights under the insurance policies for reimbursement of all reasonable and necessary medical expenses at a particular (uncapped) level . . . vested at the time of the automobile accidents causing their injuries—the events that triggered the coverage provided by the insurance policies." *Id*. at ___; slip op at 29. The Court then considered "whether the 2019 amendments of MCL 500.3157 retroactively modified these uncapped lifetime benefits." *Id*. at ___; slip op at 31. Applying the framework established by *LaFontaine Saline, Inc v Chrysler Group, LLC*, 496 Mich 26; 852 NW2d 78 (2014), the Court held that the no-fault amendments did not apply retroactively to individuals injured before June 11, 2019.[7] The Court reasoned, in part, that the Legislature did not clearly convey an intent to apply MCL 500.3135(7) and (10) retroactively, *id*. at ___; slip op at 31-35, and that doing so would impair the plaintiff's "vested contractual rights to PIP reimbursement for medical treatment at a particular level." *Id*. at ___; slip op at 36.[8]

"The purpose of a preliminary injunction is to preserve the status quo pending a final hearing regarding the parties' rights." *Hammel v Speaker of House of Representatives*, 297 Mich App 641, 647; 825 NW2d 616 (2012) (quotation marks and citation omitted). When determining whether to grant a preliminary injunction, the trial court should consider:

> (1) the likelihood that the party seeking the injunction will prevail on the merits, (2) the danger that the party seeking the injunction will suffer irreparable harm if the injunction is not issued, (3) the risk that the party seeking the injunction would be harmed more by the absence of an injunction than the opposing party would be by the granting of the relief, and (4) the harm to the public interest if the injunction is issued. [*Id*. at 648.]

In this case, plaintiff was injured in a pre-June 2019 motor vehicle accident. On appeal, defendant concedes that plaintiff is covered by an insurance policy that defendant issued to plaintiff's parents. Accordingly, this case falls squarely within the Supreme Court's holding in *Andary*, which is binding precedent on all lower courts. *In re AGD*, 327 Mich App 332, 340; 933 NW2d 751 (2019). Because plaintiff is entitled to PIP benefits under the version of the no-fault

---

[6] The individual plaintiffs in *Andary* were permanently disabled as a result of their respective pre-June 2019 motor vehicle accident. They were both covered individuals under a no-fault policy. See *Andary*, ___ Mich at ___; slip op at 8-9, 17.

[7] Although the fee schedules went into effect on July 2, 2021, the general effective date for 2019 PA 21 is June 11, 2019. See *Andary*, ___ Mich at ___; slip op at 34.

[8] The Court did not reach whether retroactive application of the 2019 amendments would violate the Contracts Clause and therefore vacated that part of our opinion. See *Andary*, ___ Mich at ___; slip op at 41 n 30. The Court reversed our decision to revive the plaintiff-provider's due process and equal protection challenges and remand for further discovery. See *id*. at ___; slip op at 54.

act that existed at the time of his accident, the trial court correctly granted the preliminary injunction.

Affirmed.

/s/ Michelle M. Rick
/s/ Douglas B. Shapiro
/s/ Anica Letica